UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


ANTHONY JERDINE, ) CASE NO. 1:11 CV2436
)
    Petitioner, ) JUDGE JAMES S. GWIN
)
v. )
) MEMORANDUM OF OPINION
) AND ORDER
UNITED STATES OF AMERICA, )
)
    Respondent. )


Petitioner *pro se* Anthony L. Jerdine filed the above-captioned habeas corpus action under 28 U.S.C. § 2241. (Doc. 1). In addition, Mr. Jerdine has filed a "Motion for Bail Pending Habeas Corpus Relief Request Court Provide Findings of Facts and Conclusion of Law in Support of Affidavit of Facts and Petition for Evidentiary Hearing." (Doc. 4.) For the reasons stated below, this action and all attendant motions are dismissed.

*Background*

On November 19, 2008, a fifteen Count Indictment was filed against twelve defendants alleging a conspiracy, pursuant to 18 U.S.C. § 371, to commit certain offenses

against the United States in violation of 18 U.S.C. §§1344 & 2 (Bank Fraud) and 18 U.S.C.§§1957 & 2 (Money Laundering). *See United States v. Jerdine*, No. 1:08 CR 481 (N.D. Ohio 2008)(Wells, J.) Mr. Jerdine was named in Counts 1, 2 & 3-9 of the Indictment. On April 8, 2009, a nineteen count Superseding Indictment was filed by the government against sixteen defendants. *Id.* at Doc.153. Mr. Jerdine was charged in thirteen of the nineteen counts (Counts 1s-11s, 18s, 19s) alleging an extensive conspiracy involving bank fraud and money laundering.

Mr. Jerdine is currently in pretrial detention at Bedford County Jail in Bedford, Ohio. Although he has filed this matter *pro se*, he is represented by 'standby' counsel in his criminal proceeding. The case is scheduled for trial on February 13, 2012.

In his present Petition, Mr. Jerdine asserts the trial court has denied him due process and violated his Sixth Amendment right to a speedy trial. Moreover, he argues he is entitled to immediate release from detention on bond pursuant to 18 U.S.C. §3164. He maintains that his pre-trial detention for over 1080 days is *prima facie* evidence that "prejudicial events [are]still occurring." (Pet. at 1). For the reasons set forth below, this Petition is denied

*28 U.S.C. §2241*

Title 28 of United States Code section 2241 permits a federal prisoner to challenge the manner in which his sentence is executed. *See Cohen v. United States*, 593 F.2d 766, 770-71 (1979). While § 2241 also "applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [the petitioner,]" *Atkins v. Michigan*, 644 F.2d 543, 546 n. 1 (6th Cir. 1981), courts

strongly prefer that federal pretrial detainees file an appeal.  Thus, "in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390 (1918).

No "exceptional circumstance" exists to permit Mr. Jerdine to invoke the habeas statute.  A review of the docket in his criminal case reveals substantial activity since the government filed the original indictment.  Mr.  Jerdine sought review of his detention order in six separate motions before Judge Lesley Wells denied his request in her Memorandum of Opinion and Order of February 18, 2009.  *Jerdine*, No.  1:08cr0495 (Doc. 115).  After the she affirmed his detention order Mr. Jerdine had the opportunity to appeal to the Sixth Circuit Court of Appeals pursuant to 18 U.S.C. § 3145(c) and Rule 9 of the Federal Rules of Appellate Procedure. *See United States v. Sazenski*, 806 F.2d 846 (8th Cir.1986).  Mr. Jerdine did appeal to the Sixth Circuit as a person subject to detention pursuant to section 3142.  On July 29, 2009, the Sixth Circuit's affirmed the trial court's order of detention, with a mandate issued on October 30, 2009

After the government filed its superceding indictment on April 8, 2009, Mr. Jerdine filed additional motions to reopen his detention hearing, all of which Judge Wells denied on December 18, 2009. *Jerdine*, No. 08cr0495 (Doc.  210.)  Mr. Jerdine appealed the judgment, but withdrew it on March 5, 2010.  Thus he did not properly exhaust all remedies available to him under 18 U.S.C. § 3145(b)-(c). To be eligible for habeas corpus relief under § 2241, a federal pretrial detainee generally must exhaust other available remedies. *See Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988); *United States v. Pipito*, 861

3

F.2d 1006, 1009 (7th Cir. 1987). While section 3145 is not an exclusive remedy for pre-trial detainees, the *Fassler* court noted "the terms of the Bail Reform Act and the potential for abuse of the writ and for unnecessary duplication of appeals, [ ] should ordinarily provide strong incentive for defendants to employ Section 3145 appeals." *Fassler*, 858 F.2d at 1018.

The circumstances where a pretrial detainee may pursue habeas relief are limited. Where a petitioner seeks a speedy trial and has exhausted his or her available state court remedies, *Atkins*, 644 F.2d at 546- 47, or seeks to avoid a second trial on the grounds of double jeopardy, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); *see also Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 300-03 (1984), or faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989), habeas relief may be sought. None of these exceptions, however, are at issue in this Petition.

Finally, considerations of federal court efficiency and administration dictate that this Court refrain from judgment. Mr. Jerdine filed a Motion for Bail/Detention hearing, Objection to Trial Date scheduled for 2/13/2012" on December 7, 2011 in his criminal case. *See Jerdine*, 4:08cr0495 (Doc. 427.) The motion was supplemented by an "Affidavit of facts to support *prima facia* case of due process and Sixth Amendment speedy trial violations." *Id*. (Doc. 428.) Judge Donald C. Nugent denied the motion the following day.[1] *Id*. (Doc. 430.) He also denied Mr. Jerdine's Motion for Reconsideration (Doc. 429) on December 13, 2011. The Sixth Circuit discourages collateral review of issues pending in a

---

[1] Judge Nugent further noted in his Order that the "[o]riginally assigned Judge [is] unavailable due to health reasons."

criminal case. *See Holland v. Gilliam*, No. 91-5242, 1991 WL 150821, at *1 (6th Cir. Aug.6, 1991) (affirming the district court's dismissal of a pretrial detainee's habeas corpus petition alleging an illegal search and seizure because the petitioner could pursue his claims in the underlying criminal proceeding); *see also Chandler v. Pratt*, No. 03-1286, 2004 WL 1080214 (10th Cir. May 14, 2004).[2] Therefore, this Court will refrain from addressing Mr. Jerdine's claims at this time. As noted above, he has presented no "special circumstances" entitling him to immediate habeas relief.

*Conclusion*

Accordingly, the Petition is denied. This action and the Motion for Bail (Doc. 4), Motion for Order requesting Bail/Detention Hearing (Doc. 5) and Motion for Finding of Facts and Conclusions of Law to Evidentiary Hearing (Doc. 6) are all dismissed pursuant to 28 U.S.C. § 2243. Because Mr. Jerdine paid the filing fee for this Petition on November 10, 2011, his Motion to Proceed *In Forma Pauperis* (Doc. 7) is denied as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be

---

[2]As the Tenth Circuit explained:
> [A]ll the claims petitioner attempted to raise in his § 2241 petition should have been, and apparently were being, pursued in the criminal action. To allow petitioner to bring the same claims before another judge in a collateral proceeding would not only waste judicial resources, but would encourage judge shopping. The district court properly dismissed petitioner's claims without prejudice for failure to exhaust, and there was no arguable basis in law or fact for appealing that decision.

*Id*. at 662.

taken in good faith.[3]

       IT IS SO ORDERED.


Dated: January 18, 2012                     *s/     James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.